## SAULET'S HEIRS *vs.* OGILVIE.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where certain property has been adjudicated to the last and highest bidder at probate sale, he cannot excuse himself from complying with the terms thereof, on the ground that the proceedings of the Probate Court, in ordering the sale were irregular, as regards the interest of minors concerned, when he has obtained a monition confirming the sale.

The heirs of the widow Saulet took a rule on the defendant to show cause why a certain lot of ground, situated in Faubourg Saulet, which was adjudicated to him as the last and highest bidder, by the register of wills, at a probate sale of their deceased ancestor's succession, made the 4th April, 1836, should not be re-sold at his risk and cost.

The defendant showed for cause, that the probate proceedings, in virtue of which the sale to him was made, are irregular in several respects. First, because several individuals composing the family meeting of the minors, were interested in the property ordered to be sold. Second, some of the members failing to attend, a new family meeting which was called, composed partly of new members; all of which is irregular, etc.

It appears that subsequent to the sale and adjudication of this property to the defendant, he obtained a monition from the office of the register of wills, and after publication, had the sale homologated and confirmed without opposition.

The judge of probates made the rule absolute, and ordered the property to be re-sold. The defendant appealed.

*Conrad,* for the appellant, contended, that the judgment was erroneous in requiring the purchaser to comply, when the probate proceedings which ordered the sale, were evidently irregular, and would not authorize a good title.

2. The proceedings of the family meetings, and others, in relation to the minors, were defective and illegal, and cannot be the basis of a valid sale.

*Pichot, contra.*

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a decision, making absolute a rule which was obtained against him, to show cause why he did not comply with the terms of an adjudication of a tract of land, which had been struck off to him as the last and highest bidder.

His counsel contends, that the court erred in making the rule absolute, because the " proceedings on which that adjudication was based, were irregular ; first, in the proceedings of the family meetings and others relative to the interest of the minors Foucher ; second, in sundry other respects."

The Court of Probates correctly declined to inquire whether any of the irregularities complained of existed in the proceedings, on which the adjudication is based ; because the defendant, after the adjudication, obtained a monition, which he caused to be published, and no opposition having been made, the sale was, on his motion, homologated under the act of 1834, and the judgment of homologation stands unappealed from, and in force.

*Where certain property has been adjudicated to the last and highest bidder, at a probate sale, he cannot excuse himself from complying with the terms thereof, on the ground that the proceedings of the Probate Court, in ordering the sale were irregular, as regards the interest of minors concerned, when he has obtained a monition confirming the sale.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.